# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID J. TANZOSH,** | : | No. 3:05cv1084 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **INPHOTO SUVEILLANCE, KROLL,** | : | |
| **INC., and TODD KARPINSKI,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is plaintiff's motion to join an additional defendant (Doc. 23). Having been briefed and argued, the matter is ripe for disposition.

**Case Background**

This case is a suit for defamation, invasion of privacy, and false light against defendants, a surveillance company and one of its employees. Plaintiff seeks damages based on defendants' actions in undertaking surveillance of him in a separate Federal Employer's Liability Act (FELA) action against CP Rail Corporation. See Tanzosh v. Delaware & Hudson Railway Co., Inc. (M.D. Pa. No. 02cv1407). In that action, plaintiff prevailed after trial in July 2004. He then sued the company and an employee who had staked out his property and followed him in effort to develop evidence that plaintiff had exaggerated his injuries. He claimed that these investigators had trespassed and damaged his property and had defamed him to neighbors by telling them he had lied about his injuries and was engaging in illegal

activity on his property. Neighbors and area residents allegedly continued to repeat these defamatory statements as late as 2005, though the claimed trespass and defamation took place in 2003.

In May 2003, as the original FELA lawsuit was pending, plaintiff reported to the state police two incidents of individuals entering his property without permission and explaining their presence with stories that were obviously false. Plaintiff reported the license plate numbers of these trespassers to the police but claims he could not determine who these individuals were or who hired them because the investigators had used false license plates registered to no one. The state police had attempted to trace the license plates, but were unsuccessful. Plaintiff admits he was suspicious of these individuals, and suspected that they could be working as surveillance agents of CP Rail as part of the company's litigation strategy.

As part of discovery in the case, plaintiff had submitted interrogatories asking CP Rail to name any parties engaged in surveillance of the defendant. Plaintiff claims he was not made aware that any CP Rail-sponsored surveillance had occurred until June 7, 2004, when CP Rail filed pre-trial documents in the original FELA suit which contained reference to videotape exhibits made during the surveillance and listed defendant Karpinski as a witness. Though the FELA lawsuit had been filed in August 2002, the railroad had not previously acknowledged undertaking such surveillance in the case, and the materials were not submitted as part of discovery or Rule 26 disclosures. Plaintiff's attorney subsequently asked to

2

depose Karpinski. Because the surveillance evidence was not used at trial and Karpinski did not testify, those issues were not examined further in the underlying case.

Plaintiff filed his original complaint in this case on May 27, 2005. The complaint named as defendants Inphoto Surveillance, Kroll Inc., and Todd Karpenski, an investigator employed by the defendants. CP Rail had disclosed these names in the FELA suit. After the parties exchanged written discovery requests in the instant suit, this court held a settlement conference on March 10, 2006. At the conference, defendant provided plaintiff with documents and a surveillance video that showed surveillance had been conducted by Factual Photo, the party plaintiff seeks to join in this action. Plaintiff claims that these materials were the first indication he had that Factual Photo was involved in the surveillance. He filed his motion for joinder (Doc. 23) on April 13, 2006, approximately one month after learning of Factual Photo's involvement in the surveillance. The defendants then filed a brief in opposition to that motion (Doc.24) and plaintiff replied (Doc. 27), brining the case to its present posture.

**Legal Standard**

Federal Rule of Civil Procedure 15(a) allows amendment of pleadings "when justice so requires." The decision to allow amendment of pleadings is left to the sound discretion of the court, but should be "freely given" because "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

3

ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). At the same time, however, "leave to amend need not be granted when amending the complaint would clearly be futile." Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (holding that "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."). Maio v. Aetna, Inc., 221 F.3d 472, 500 n.19 (3d Cir. 2000) (refusing to allow amendment of a complaint because plaintiff's "could not file an amended pleading that would survive dismissal pursuant to Rule 12(b)(6)."). Amendment is inappropriate if the amended complaint would be barred by the statute of limitations. Id. (finding that no leave to amend a complaint was necessary because even as amended with new facts the claim would still be time-barred). The question here, then, is whether plaintiff's claim against Factual Photo would be time barred, and amending the complaint to add that defendant would be futile.

**Discussion**

Both sides appear to agree that the key question in whether Factual Photo can be added to the case is whether the statute of limitations in Pennsylvania for defamation actions had run before plaintiff sought to add Factual Photo. If the statute of limitations has run, plaintiff has no cause of action against Factual Photo. The parties agree that under Pennsylvania law, the statute of limitations for plaintiff's defamation, false light and invasion of privacy claims is one year. See PENN. CONS.

STAT. § 5523 (establishing a one-year statute of limitations for "libel, slander or invasion of privacy."). The parties also agree that since the statute of limitations had clearly run in the case before plaintiff sought to add Factual Photo, the key question is whether the "discovery rule" applies in this case, tolling the statute of limitations until plaintiff became aware of the injury and potential cause of action.[1]

In most cases, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations, [citations omitted] even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy." Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). The discovery rule "arises from the inability of the injured, despite the exercise of due diligence, to know the injury or its cause." Id.. Courts considering this exception to a statute of limitations must, therefore, "address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action." Id. When the discovery rule applies, the statute of limitations is tolled until the plaintiff could reasonably be expected to discover the injury and its cause. Id.

The discovery rule has largely been applied to situations where the

---

[1]Defendant does not argue that Factual Photo would suffer prejudice or unfairness from being joined to the suit. We will therefore conclude that no such prejudice exists, and base our decision on whether adding this defendant would be futile because the claim is time-barred.

defendants' actions or the nature of the injury make it difficult for a plaintiff to discover an injury has occurred. Medical malpractice, where a plaintiff may not discover an injury until years after the conduct that caused that injury took place, represents one area where the discovery rule has frequently been applied. See, e.g. Ayers v. Morgan, 154 A.2d 788, 792 (Pa. 1959) (finding that the statute of limitations on medical malpractice was tolled because a plaintiff "could not open his abdomen like a door and look in and discover the injury."); Murray v. Hamot Med. Ctr., 633 A.2d 196, 200-201 (Pa. Super. Ct. 1993) (applying the discovery rule for a plaintiff infected with HIV during a blood transfusion).

Here, the situation is somewhat different, since the injuries of which plaintiff complains, defamation, and false light, are causes of action usually played out in a public forum. Some courts have said that the discovery rule should not apply in defamation cases, since publication is generally part of defamation, and thus, the plaintiff should have no trouble discovering the injury or its cause. See Bradford v. American Media Operations, Inc., 882 F. Supp. 1508, 1512 (E.D. Pa. 1995) (finding that the discovery rule did not apply to a defamation action when the defamatory material was published in a "widely distributed" tabloid.). Buffett v. Warner Commc'ns, Inc., 692 F.2d 910, 914 (3d Cir. 1982) (finding that a complaint of emotional distress could not be tolled by the discovery rule, since plaintiff "does not dispute that he knew of the conduct complained of and of the identity of the alleged wrongdoer more than two years prior to the filing of the complaint."); Walls v.

6

Sabatasso Foods, Inc., No. 91-1107, 1991 WL 111191 (E.D. Pa. June 18, 1991) (finding that the discovery does not apply in a defamation case when a plaintiff knew of the injury and did not apply due diligence to discover its cause and the cause of action). Courts have not found, however, that pleading a tort for defamation *per se* precludes application of the discovery rule. See Barron v. St. Joseph's Univ., No. 01-3063, 2002 WL 32345690 (E.D. Pa. Jan. 17, 2002); Giusto v. Ashland Chem. Co., 994 F. Supp. 587, 594 (E.D. Pa. 1998). In cases where a plaintiff would not have been able, through due diligence, to discover the injury, courts have applied the discovery rule to defamation. See Smith v. IMG Worldwide, Inc., 437 F. Supp. 2d 297, 306 (E.D. Pa. 2006) (finding that a jury could decide on statute of limitations issue because "plaintiff has presented sufficient evidence that he could not have known of his injuries, despite the exercise of due diligence, to support the application of the discovery rule to this claim.").

  We think that the unique facts of this case mandate that the discovery rule apply here. Neither party has cited a case dealing with this precise issue, and we have not been able to discovery any directly relevant case law through our own research. Defendants points to Gallucci v. Phillips & Jacobs, Inc. as a case where the court upheld a jury's refusal to apply the discovery rule in case where the defendants had allegedly given defamatory information about plaintiff to the FBI, holding that plaintiff had been aware of the potential cause of action. Gallucci v. Phillips & Jacobs, Inc., 614 A.2d 284 (Pa. Super. Ct. 1992). This case is different

than Gallucci, however, since in that case, the plaintiff claimed he did not have enough knowledge of the content of the allegedly defamatory statements to bring a cause of action, not that he was unable to discover who made them.  See id. at 288. (holding that the discovery rule did not apply because "[a]ppellant's argument is not that they did not know of the injury or the cause thereof, rather appellants argue that they did not have access to the information necessary to prepare a proper complaint in defamation.").  Here, Factual Photo's subterfuge and CP Rail's incomplete answers to discovery meant that plaintiff did not have information on the party who caused his alleged injury, a situation different from normal cases of this type.  See, e.g., Barrett v. Catacombs Press, 64 F. Supp. 2d 440, 446 (E.D. Pa. 1999) (holding that "the discovery rule should not be applied where, as here, a defendant's alleged defamation was not done in a manner meant to conceal the subject matter of the defamation.").

     We are convinced that the nature of the activity in which the defendants and the proposed additional defendant were engaged makes the discovery rule applicable to this case.  Courts have applied the discovery rule in cases where the defendant's action–such as secretly tunneling under a plaintiff's property to remove coal–made discovery of the injury and its cause impossible.  See Lewey v. H.C. Fricke Coke Co., 31 A. 261 (Pa. 1895) (finding the discovery rule applicable when defendants secretly tunneled under plaintiff's property to remove coal).  Because defendants engaged in activity that they intended to keep secret from the plaintiff,

and because they apparently attempted to do so in part by concealing their identity, we agree that the statute of limitations should be tolled until the plaintiff could have through reasonable steps discovered the cause of his injury. Factual Photo, after all, acted to conceal its participation in the surveillance, and CP Rail failed to reveal it. See Lewey, 31 A. At 262 (holding that "there is no reason, resting on general principles, why ignorance that is the result of the defendant's conduct, and not of the stupidity or negligence of the plaintiff, should not prevent the running of the statute in favor of the wrongdoer.").

Further, we find that the fact that plaintiff's cause of action is defamation and false light does not make the discovery rule inapplicable to the case. This case is different from a normal defamation or false light case, since the party who publicized the statements attempted to hide behind a false identity in order to avoid responsibility for them. Accordingly, while plaintiff could have had knowledge of the statements more than a year before he brought his cause of action against Factual Photo, he claims that he had no means of discovering who caused that injury. Accordingly, as long as plaintiff had taken reasonable measures to discover the cause of his injury, Factual Photo's clandestine behavior excuses his failure to make that discovery. The discovery rule therefore applies to this case.

The key question thus becomes what reasonable steps the plaintiff could have taken to discover the identity of Factual Photo. Here, the date on which the plaintiff first discovered he was injured is not as important as whether he took reasonable

steps to discover the source of his injury. That situation results from the nature of the activity Factual Photo undertook here; since the essence of covert surveillance is to keep the identity of the investigator from the target of the investigation, it is harder for a party to discover the cause of his injury than in other types of cases where the discovery rule applies, like medical malpractice, where doctors do not seek to conceal their identities from patients. Plaintiff took several steps to discover who had been trespassing on his property, the only parties whose presence might have alerted him to the activities of which he now complains. He confronted unwanted intruders and demanded that they explain themselves. Plaintiff called police and complained of unauthorized entry on his property. He had state police investigate the license plate numbers of vehicles that came onto his property without authorization. These efforts to discover the trespasser was unavailing, due to the deliberate attempts at concealment by this party. Plaintiff admits that he suspected those trespassers were agents of CP Rail. His mere suspicion, however, is not enough to make the discovery rule inoperative in this case, because defendant's subterfuge made his efforts at investigation unsuccessful. Defendants cannot take refuge in their own deceit.

By way of additional efforts to discover the cause of his injury, plaintiff submitted interrogatories in the underlying FELA action,[2] asking the defendant in that

---

[2]The interrogatory read:
   Has any surveillance and/or investigation by way of correspondence, telephone calls, use of the Central index computer, personal observation, video-

case to name any and all parties who had engaged in surveillance in that case.[3]

Though CP Rail apparently did not provide this information in response to the interrogatories, it subsequently named InPhoto and Todd Karpinski as agents who had undertaken surveillance. Plaintiff then reasonably assumed he had the names of the parties who had defamed him. He had no reason to believe that the railroad had used multiple agencies to watch him. In any case, CP Rail's disclosures had proved the only reliable means for discovering the identity of those who had

---

      tape, movie film, interviews, examination of records and/or reports, statements, photographs, and/or any other available method/mode been conducted and/or authorized with regard to this litigation as to any individual, party or witness to this action, whether by or in behalf of the Defendant or any agent of the Defendant or his/her insurance carrier, or an independent investigator and/or adjustment firm hired by or in behalf of the Defendant or his insurance carrier? If so, for each surveillance/investigation state:
(a) The date(s) performed and the cost or charges for same;
(b) The name, address and occupation of the person who made it;
(c) The name, address and occupation of the person who authorized it;
(d) The substance of any report made as a result of the surveillance/investigation;
(e) The method/mode of investigation made (telephone call, correspondence, personal observation, use of Central Index computer, video-tape, movie film, photographs, interviews, examination of records and/or reports); and,
(f) The name and address of the person who has custody and control over the information listed in (e) above.

    [3]The Federal Rules of Civil Procedure require a party to answer interrogatories fully and completely. See Fed. R. Civ. P. 33(b)(1) (establishing that "[e]ach interrogatory shall be answered <u>separately and fully in writing under oath</u>, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.") (emphasis added). Plaintiff does not apprise us of the answers he received to these interrogatories, but the facts indicate that whatever answers he received did not reveal the identity of all parties engaged in surveillance of the plaintiff for CP Rail. The fact that plaintiff sought information on the parties who had conducted surveillance of him and did not receive the names of all the parties should not be used to allow Fatual Photo to avoid suit. Instead, those interrogatories are evidence that plaintiff took reasonable steps to discover the secret identity of the party who had injured him.

engaged in surveillance of the plaintiff. They gave plaintiff his only reliable indication of which party to sue. When subsequent information, provided by the defendants in this case, demonstrated that CP Rail had not revealed every party that took surveillance of the plaintiff in the FELA case, plaintiff promptly sought to add to the case the newly discovered party.

We find these efforts reasonable attempts at discovering the cause of plaintiff's injuries from false light and defamation. Plaintiff sought information from the party who had contracted for surveillance on the plaintiff. His comprehensive interrogatory was a careful effort to discover the identity of the parties who had engaged in surveillance. When CP Rail finally revealed the names of parties who had engaged in surveillance on his property, he named as defendants the parties CP Rail named in pre-trial litigation. As soon as disclosures by defendants in the instant case revealed that CP Rail had not provided the names of all parties involved in surveillance, plaintiff sought to add the newly discovered party. Given the secretive nature of the activity of which plaintiff complains–surveillance companies obviously seek to keep their presence and identity secret–we find that the statute of limitations was tolled by the discovery rule until defendants revealed the activities of Factual Photo to plaintiff in March 2006. Since plaintiff sought to join Factual Photo within one year of that date, such joinder is not time-barred. We will accordingly grant the plaintiff's motion. An appropriate order follows.


# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID J. TANZOSH,** | : | No. 3:05cv1084 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **INPHOTO SUVEILLANCE, KROLL,** | : | |
| **INC., and TODD KARPINSKI,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 30th day of January 2007, the plaintiff's motion to join an additional defendant (Doc. 23) is hereby **GRANTED**. The plaintiff is directed to file an amended complaint joining Factual Photo, Inc. as a defendant within ten (10) days of this order.

                                                    **BY THE COURT:**

                                                    **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**